DEWITT TRISSELL v. STATE.

No. 26,574. November 4, 1953.

*Paul Spillman*, Wellington, for appellant.

*Allen Harp*, District Attorney, Childress, and *Wesley Dice*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The conviction is for the offense of bigamy. The punishment assessed is confinement in the state penitentiary for a term of three years.

The indictment alleges in substance that appellant married one, Dorthy Faye Yowell on December 7, 1952, while having at such time a wife, Edith Trissell, whom he had previously married on October 17, 1948.

The state proved by the county clerk of Wheeler County the issuance of a marriage license to the appellant and his wife, Edith Trissell, and their marriage. It also proved the purchase of a license to marry, as well as the marriage, to Dorthy Faye Yowell by appellant on December 7, 1952, in Collingsworth County.

There was no effort of any kind to disprove any of the matters alleged in the indictment. The only defense of any kind offered by the appellant was that at the time of the marriage he was in a dazed condition and did not remember a thing about having entered into the second marriage.

Appellant made an application for a continuance in which

he requested a copy of the indictment served upon him on April 9, 1953. It seems that at the time of the trial of the case he was out on bond and that prior thereto he had been in possession of a copy of the indictment herein. In the appellant's motion for a continuance in this cause it is claimed by him that he could not go to trial without the presence of one, Leon Cooper, who resided in Elk City, Oklahoma, and whom he believed at the time of the trial was on vacation in California, but he had been unable to locate him in that state by making inquiry of the mother of the said Leon Cooper. There seems to have been no further effort to locate this witness, and in the motion for a new trial herein no affidavit of any kind appears from such witness. The facts which appellant expected to prove by the said Cooper are stated in the motion for a continuance filed April 9, 1953, as follows: "That the said Dorthy Faye Yowell did prior to the date of December 7th, 1952, and upon said date place a drug ingredient in a drink that she served said defendant in this case and she 'caused his involuntary being placed under the influence of a drug known as dope' and that this was without the consent of the defendant; * * * that for a period of a week or more prior to the 7th day of December, 1952, the said Dorthy Faye Yowell did constantly place a drug ingredient in drinks which were served to this defendant and that all these drugs were not taken voluntarily by the defendant in this cause; that these drugs were of such a nature to impair the mind of this defendant until he was not aware of his acts and the consequences of the same." It is worthy of note, however, that we find no exception in the record to the overruling of this motion for a continuance.

Appellant presented a motion for an instructed verdict after the state had rested its original case because, among other things, it was not shown that Edith Trissell, the appellant's first wife, was living at the time of the second marriage. At the request of the state the cause was reopened and no further proceedings were had save that the state offered proof to the effect that the appellant's first wife was living at the time of the second marriage.

The court properly charged the jury that if the defendant at the time of the marriage with Dorthy Faye Yowell was laboring under such defective reasoning from a disease or condition of the mind as not to know the nature or quality of the act he was doing, or, if he did know, that he did not know at that time that he was doing wrong, that is, he did not know the difference

between right and wrong as to the particular act charged against him, and that his mind was so dethroned at that time of reason as to deprive him of the knowledge of the right and wrong of the particular act done at the time of the alleged marriage, as charged in the indictment, and "if you should so find, from the greater weight of the evidence, then you will find the defendant not guilty because of his insanity, and let your verdict so show."

Appellant offered no defense to the act committed except the fact that he claimed to have been dazed and had a peculiar look out of his eyes and had a headache. He denied any knowledge about the time that this second marriage occurred. He also denied ever remembering seeing the parties by whom he was identified as having been married the second time in Collingsworth County. We think his only defense was properly submitted to the jury, and their verdict is amply supported by the evidence introduced on the trial.

Under these circumstances we think this cause has been correctly tried, and the judgment is therefore affirmed.